IN THE MATTER OF M. AN ATTORNEY-AT LAW.

Argued September 14, 1971—Decided October 12, 1971.

*Mr. Frederick C. Vonhof* for the order.

*M., pro se.*

The opinion of the Court was delivered

PER CURIAM. A complaint was filed with the Essex County Ethics Committee by a residuary legatee against the respondent, an attorney-at-law of this State, alleging that he improperly performed his fiduciary duties as executor of the estate, that he paid excessive fees to himself for legal services allegedly rendered and that he failed to properly and promptly account or properly make distribution of the moneys coming into his hands as executor. The gross amount of the estate was approximately $8,300, the bulk of which consisted of U. S. Series "E" Bonds. After a hearing at which the respondent appeared *pro se,* the Committee unanimously found that the respondent unduly procrastinated in the administration of the estate and that he violated *Canon 11 of the Canons of Professional Ethics* of the American Bar Association in that he failed to properly and promptly account for trust property in his possession as a fiduciary. The Committee further found that respondent paid commissions

and counsel fees to himself totaling $1,225 before filing an account, either formal or informal, and before making an account to the residuary legatee. Finally, the committee found that respondent's contention that he performed substantial legal services was without merit. In addition, the Committee reported that it was considerably disturbed by respondent's incredible explanation for his conduct and his irrelevant accusations against certain public officials. The Committee was unable to determine "whether such utterances by the respondent were due to the pressure of his admittedly strained financial condition * * * or his physical condtion," and therefore it suggested that he undergo an examination as to his physical and mental condition. *R.* 1:20–4(g).

Upon the filing of the presentment this Court issued an order to respondent to show cause why he should not submit to a physical and mental examination pursuant to *R.* 1:20–4(g).[1] On the return day of the order the respondent

[1] "(g) Mental and Physical Examination. If at any time prior to its final disposition of a complaint, the ethics committee has good cause to believe that the mental or physical condition of the respondent is revelant to the subject matter of the complaint and is a factor which should be considered by it, it may apply to the Supreme Court for an order requiring the respondent to submit to an appropriate examination, such application to be by motion on notice to the respondent and accompanied by a statement by the committee setting forth in detail its reasons for the application and the relevance of the examination to its investigation or deliberations. The statement shall have annexed thereto any documentation in the possession of or available to the committee supporting the application. An order requiring the respondent to submit to such an examination shall designate the time within which it shall be made and the name of the expert who shall make it, such expert to be a member of the panel maintained by the Administrative Director of the Courts pursuant to R. 4:20–2 (Impartial Medical Experts). The Supreme Court, on its own motion, may at any time during the pendency of a complaint before the committee or the court order the respondent to submit to such an examination."

This rule was adopted after an extended consideration of the problems of an attorney who is thought to be unable to discharge his professional duties because of his psychiatric difficulties. The purpose of the rule is not, of course, punitive. Rather, the hope is that an attorney if he is found to be so afflicted will be helped by medical at-

appeared *pro se* and repeated the allegations he made before
the Committee. Further, he indicated that the proceedings
before this Court were unfair. This Court granted a con-
tinuance to permit the respondent to file an affidavit sup-
porting allegations relating to the fairness of the proceedings.
The affidavit was filed and he appeared before us again on
September 14, 1971. After oral argument respondent filed a
written memorandum.

█ After consideration of respondent's statements before
the Ethics Committee, his allegations in his affidavit and
memorandum, and his demeanor before this Court on two
occasions, we are satisfied that the Committee's recommenda-
tion that he submit to a physical and mental examination
is warranted.

█ It is ordered that the respondent undergo a physical
and mental examination by an impartial medical expert
whose specialty is psychiatry within 30 days from today.
The expert may be selected by the respondent from the
panel which the Administrative Director of the Courts main-
tains pursuant to *R.* 4:20–2 (Impartial Medical Experts).
In the event he fails to make a selection, the Court will ap-
point Dr. Ralph Brancale, Medical Director of the State
Diagnostic Center, Menlo Park, to make the examination.
During the examination he is entitled to have his own
physician present. *Cf. State v. Whitlow,* 45 *N. J.* 3, 26
(1965). Upon the coming in of the expert's report further
proceedings will be held pursuant to *R.* 1:20–11(b).[2]

tention and be able to return to his practice with the aid of ap-
propriate treatment.

The rule was amended effective September 13, 1971. The amendment
permits the committee or the court to act where a respondent's ad-
diction to drugs or intoxicants is relevant to the subject matter of
the complaint and is a factor which may be considered. The amend-
ment also provides that following the examination by a physician
further proceedings shall be as provided by *R.* 1:20–11(b).

[2] *R.* 1:20–11(b) provides in pertinent part:

"Determination of Alleged Incapacity During Pendency of Dis-
ciplinary Proceedings. If during a disciplinary proceeding, the Su-
preme Court has ordered a mental or physical examination pur-

If the respondent does not submit to the examination within 30 days, he will be suspended from the practice of law until such time as he does submit. All further proceedings on the formal complaint will be held in abeyance pending the outcome of the hearing.

*For Submission to Examination within 30 days*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—7.

*Opposed*—None.

suant to R. 1:20–4(g), a report thereof shall be submitted to the Supreme Court. If on the basis of the report and after such further inquiry as the court may make; the court is satisfied that the attorney has not the capacity to practice law, it may enter an order suspending him from the practice of law and hold in abeyance the pending disciplinary proceeding, notice of the order to be given as provided in paragraph (a) hereof, or the Supreme Court may direct the ethics committee before which the matter is pending to take such further action as the Supreme Court may deem appropriate."
This rule is effective as of September 13, 1971.